**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TIARA KENNEDY,**

        **Plaintiff,**

 vs.                 1:15-cv-00491
                        (MAD)

**CITY OF ALBANY, PAUL E. KIRWIN,** *City of Albany Police Officer individually and/or in his official capacity as agent, servant and/or employee of the City of Albany also known as* Paul E. Kirwan, **JOHN DOE 1 AND 2,** *whose names are presently unknown, individually and/or as agents, servants, and or employees of the City of Albany*,

        **Defendants.**
_____

**APPEARANCES:**           **OF COUNSEL:**

**LAW OFFICE OF TERESI &**       **WILLIAM T. LITTLE, ESQ.**
**LITTLE, PLLC**
21 Colvin Avenue
Albany, New York 12206
Attorneys for Plaintiff

**REHFUSS, LIGUORI LAW FIRM**     **STEPHEN J. REHFUSS, ESQ.**
40 British American Boulevard
Latham, New York 12110
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  On April 24, 2015, Tiara Kennedy ("Plaintiff") commenced this suit claiming negligence, intentional torts, and constitutional violations. *See* Dkt. No. 1. Defendants move to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 10.

### II. BACKGROUND

Plaintiff claims that, in the early morning hours of January 26, 2014, she was a guest at the Armory Sports and Convention Center located at 195 Washington Avenue in the City of Albany, State of New York. *See* Dkt. No. 1 at ¶ 12. While escorting a friend from the facility, Plaintiff claims that she was intentionally, recklessly, and negligently "attacked, assaulted and body slammed" by Defendant Kirwin and other unknown City of Albany police officers. *See id.* at ¶¶ 14-16. Plaintiff states that other City of Albany police officers, identified by Plaintiff as John Does 1 and 2, assisted Defendant Kirwin in the attack on Plaintiff and also failed to intervene into Defendant Kirwin's actions. *See id.* at ¶ 19-20. According to Plaintiff, the event was "peaceful, orderly and lawful until defendants' actions." *See id.* at ¶ 17.

Plaintiff filed a notice of claim, naming the City of Albany and the City of Albany Police Department, pursuant to New York General Municipal Law ("General Municipal Law") § 50-e.[1] *See* Dkt. No. 13. The statutory notice did not identify any individual police officers but described the individuals as agents, servants, and /or employees of the City of Albany's Police Department. *See id.* at 13. The notice of claim also states the date and general time of the incident and the name of the facility with the address. *See id.* at 14. The City completed an oral examination of Plaintiff pursuant to General Municipal Law § 50-h(1). *See* Dkt. No. 1 at ¶ 24.

Plaintiff commenced this action with the filing of a complaint on April 24, 2015. *See* Dkt. No. 1. In the complaint, Plaintiff alleges the following causes of action: (1) use of excessive force in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution

---

[1] It does not appear to be in dispute that the City of Albany Police Department was not properly captioned on the notice of claim. The City of Albany Police Department is an administrative arm of the City. "[T]he Police Department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008) (internal citation and quotation marks omitted).

("Amendments"), (2) New York common law assault, (3) New York common law battery, (4) New York common law intentional infliction of emotional distress, (5) New York common law negligent infliction of emotional distress, (6) false arrest in violation of the Fourth and Fourteenth Amendments, (7) section 1983 failure to intervene, (8) section 1983 *Monell* claim against a municipality, and (9) denial of substantive due process in violation of the Fifth and Fourteenth Amendments. *See id.* Currently pending before the court is Defendants' motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 10.

### III. DISCUSSION

**A.  Legal Standard**

A motion to dismiss for failure to state a claim pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). The Supreme Court held that a plaintiff must "plead enough facts 'to state a claim to relief that is plausible on its face.'" *Li Xi v. Apple, Inc.*, 603 F. Supp. 2d 464, 467 (E.D.N.Y. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although detailed factual allegations are not required in a pleading, a plaintiff must provide the grounds for their entitlement to relief. *See Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

When considering whether a complaint has facial plausibility a court must accept as true all well-pleaded facts in the complaint. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002); *see also Twombly*, 550 U.S. at 570; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Ultimately, when the

3

allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint must be dismissed. *See Twombly*, 550 U.S. at 558, 570.

**B.     Analysis**

   *1. State Law Claims*

Defendants first argue that any state law claims for intentional torts against Defendant Kirwin, i.e., assault, battery, false arrest, and intentional infliction of emotional distress, are barred by the one-year statute of limitations pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") § 215. *See* Dkt. No. 10-1 at 5. Therefore, Defendants argue, the City of Albany has no respondeat superior liability for any alleged intentional tortious conduct by Defendant Kirwin because there is no valid underlying claim. *See id.* at 5-6. Plaintiff submits, in opposition, that General Municipal Law § 50-i applies and, so, Plaintiff had one year and ninety days to commence this action. *See* Dkt. No. 12-3 at 5-7.

Federal courts apply state statutes of limitations to state law claims, *see Vincent v. Money Store*, 915 F. Supp. 2d 553, 560-61 (S.D.N.Y. 2013) (stating that it makes no difference if the state law claims are presented in federal court based on diversity jurisdiction or supplemental jurisdiction), and apply state notice-of-claim statutes to state law claims as well. *See Reyes v. City of New York*, 992 F. Supp. 2d 290, 300 (S.D.N.Y. 2014) (quoting *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). In this case, the time limitation that is applicable depends on whether Plaintiff's state law claims against Defendant Kirwin are governed by article four of General Municipal Law.

If the General Municipal Law applies, then the time limitation of one year and ninety days contained therein takes precedence over the C.P.L.R.'s limitation of one year. *See* N.Y. Gen. Mun. Law § 50-i; *Conte v. Cty. of Nassau*, 596 Fed. Appx. 1, 5 (2d Cir. 2014). The Second

4

Circuit has already determined that, not only does the General Municipal Law control when a plaintiff sues a city for tortious conduct, but it also controls those claims against any employee of a city "if the municipality is required to indemnify the defendant pursuant to the General Municipal Law or any other statutory provision and is therefore 'the real party in interest.'" *Conte*, 596 Fed. Appx. at 5 (quoting *Ruggiero v. Phillips*, 292 A.D.2d 41 (2d Dep't 2002). General Municipal Law § 50-j provides that a city is "liable for . . . any duly appointed police officer of such municipality, authority or agency for any negligent act or tort, provided such police officer, at the time of the negligent act or tort complained of, was acting in the in performance of his duties and within the scope of his employment." *See also LaGrange v. Ryan*, 142 F. Supp. 2d 287, 295 (N.D.N.Y. 2001) (stating that notice of claim requirements are not limited to just negligence claims but must also be served for "intentional tort actions against police officers").

Here, it is alleged that Defendant Kirwin was a police officer employed by the City of Albany, who was acting in the performance of his duties and within the scope of his employment. *See* Dkt. No. 1. The tortious conduct was alleged to have taken place on January 26, 2014. *See* Dkt. No. 1 at ¶ 12. This action was commenced on April 24, 2015. *See* Dkt. No. 1. The Court finds that the time limitations of General Municipal Law § 50-i apply to Plaintiff's claims as alleged and, therefore, the complaint against Defendant Kirwin was timely filed within one year and ninety days of the alleged tortious acts.[2]

---

[2] If Plaintiff fails to prove that Defendant Kirwin was acting in the performance of his duties and within the scope of his employment at the time of the alleged tortious conduct, then General Municipal Law does not apply and the C.P.L.R. § 215(3) one-year statute of limitations is applicable. *See Clark v. City of Ithaca*, 235 A.D.2d 746, 821 (3rd Dep't 1997) (stating that "[o]nly where a finding is made that the police officer's acts were clearly not within the scope of employment is the one-year Statute of Limitations of CPLR 215(3) applicable"); *Rattner v. Planning Comm'n of Pleasantville*, 156 A.D.2d 521, 526 (2d Dep't 1989) (stating that the party asserting the claims of tortious conduct bears the burden of pleading and proving compliance with the notice of claim requirements).

Defendants argue in their reply memorandum of law that, even if the complaint was timely filed under General Municipal Law § 50-i, the notice of claim was defective because General Municipal Law § 50-e requires that individual actors must be named. *See* Dkt. No. 13. Defendants conclude that Plaintiff's failure to individually name Defendant Kirwin in the notice of claim is fatal to her action, requiring dismissal. In New York, a notice of claim is a condition precedent to filing a tort claim against a city and against police officers acting within the scope of their employment. *See* N.Y. Gen. Mun. §§ 50-e, 50-j; *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 396 (S.D.N.Y. 2013); *LaGrange*, 142 F. Supp. 2d at 295. General Municipal Law § 50-e requires that the notice must contain:

> (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable.

*Id.* The notice of claim filed by Plaintiff against the City of Albany contained all of the required information. *See* Dkt. No. 13. Defendant is correct that the failure to satisfy the General Municipal Law §50-e requirements is grounds for dismissal. *See Faccio v. Eggleston*, Nos. 1:10-CV-783, 1:10-CV-699, 2011 WL 3666588, *15 (N.D.N.Y. Aug. 22, 2011). Therefore, the Court must determine whether General Municipal Law § 50-e requires naming of individual officers in the notice of claim.

Interpreting the General Municipal Law, district courts have recognized that two of the New York State Supreme Court Appellate Divisions are split on the issue of whether General Municipal Law requires that a notice of claim name individual officers. *See Bah v. City of New York*, No. 13 Civ. 6690, 2014 WL 1760063, *10 (S.D.N.Y. May 1, 2014); *Reyes v. City of New York*, 992 F. Supp. 2d 290, 201 (S.D.N.Y. 2014); *compare Goodwin v. Pretorius*, 105 A.D.3d 207

(4th Dep't 2013), *with Tannenbaum v. City of New York*, 30 A.D.3d 357 (1st Dep't 2006). The First Department in *Tannenbaum* concluded that "General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim." *Id.* at 358. There, the court relied upon *White v. Averill Park Cent. Sch. Dist.*, 195 Misc. 2d 409 (Sup. Ct. Rensselaer Cty. 2003), which summarily held that individual employees must be named in the notice of claim as a condition precedent to the commencement of an action against them. *See id.* at 411.

The court in *Goodwin*, 105 A.D.3d 207, points out that *"White* is devoid of any legal authority supporting the Justice's view that individual employees must be named in a notice of claim as a condition precedent." *Goodwin*, 105 A.D.3d at 211. While acknowledging the importance of the doctrine of stare decisis, the Fourth Department declined to follow the First Department stating the following,

> we conclude that the courts have misapplied or misunderstood the law in creating, by judicial fiat, a requirement for notices of claim that goes beyond those requirements set forth in the statute. If the legislature had intended that there be a requirement that the individual employees be named in the notices of claim, it could easily have created such a requirement. Indeed, the absence of such a requirement has previously been noted (*see Verponi v City of New York*, 31 Misc 3d 1230[A], 2011 NY Slip Op 50908[U], *5 [2011]). It is a well-settled rule of statutory construction that, "where as here the statute describes the particular situations in which it is to apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded."

*Id.* at 215-16 (internal citations and quotation marks omitted) (quoting *Patrolmen's Benevolent Assn. of City of N.Y. v. City of New York*, 41 N.Y.2d 205, 208-09 (1976)).

"In the absence of direct New York authority, the Court must make its 'best estimate' as to how the [New York] Court of Appeals would rule on the issue." *Bah*, 2014 WL 1760063, at *10 (S.D.N.Y. May 1, 2014) (quoting *Francis v. IN A Life Ins. Co. of N.Y.*, 809 F.2d 183, 185 (2d Cir.

7

1987); *see also Reyes*, 992 F. Supp.2d at 201. "In making that determination, [the Court] is free to consider all the resources the highest court of the state could use, including decisions reached in other jurisdictions." *Bah*, 2014 WL 1760063, at *10 (internal quotation marks omitted) (quoting *Francis*, 809 F.2d at 185). This Court agrees with the well-reasoned conclusions of the Fourth Department in *Goodwin*, 105 A.D.3d 207.

Additionally, this Court estimates that the New York Court of Appeals would find that individually named officers are not required in the notice of claim. Previously analyzing General Municipal Law § 50-e, the New York Court of Appeals held that

> The test of the sufficiency of a Notice of Claim is merely whether it includes information sufficient to enable the city to investigate. . . . "Nothing more may be required" (*Schwartz v City of New York*, [250 N.Y. 332 (1929)]). Thus, in determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident.

*Brown v. City of New York*, 95 N.Y.2d 389, 393 (2000) (internal quotation marks omitted) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358 (1981)). In evaluating the notice of claim served in this case with the purpose stated by the Court of Appeals, the Court finds that Plaintiff's notice of claim complies with the requirements of Municipal Law § 50-e because it provides sufficient information to locate the place, fix the time, and understand the nature of the incident. Especially where as here, the incident culminated in the arrest of Plaintiff. *See* Dkt. No. 1 at ¶¶ 64-65. The Court does not estimate that the New York Court of Appeals would impose the additional requirement of naming the individual officers where the language of the statute does not require it.[3]

---

[3] Plaintiff argues that the Court should not consider the issues of law argued by Defendants in their reply memorandum of law because Defendants' did not move upon these

With regard to Plaintiff's claim that the City of Albany is liable for Defendant Kirwin's actions under the doctrine of respondeat superior, *see* Dkt. No. 1 at ¶¶ 52-57, Defendants seek to dismiss Plaintiff's state law claims against the City of Albany for any intentional torts because respondeat superior liability cannot attach where there is not a valid underlying claim. *See* Dkt. No. 10-1 at 6. As discussed, the Court finds that the applicable statute of limitations to Plaintiff's claims as alleged is one year and ninety days under General Municipal Law §50-i. Accordingly, Plaintiff has stated valid claims for intentional torts against Defendant Kirwin and, vicariously, the City of Albany.

### *2. Redundancy of Claims*

Defendants next argue that Plaintiff's section 1983 claims against Defendant Kirwin in his official capacity are redundant to the claims against Defendant City of Albany and, therefore, should be dismissed. *See* Dkt. No. 10-1 at 6-7. A claim against officers in their official capacity is essentially a claim against the city. *See Odom v. Matteo*, 772 F. Supp. 2d 377, 392 (citing *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001); *Wallikas v. Harder*, 67 F. Supp. 2d 82, 83-84 (N.D.N.Y. 1999). Therefore, when a section 1983 claim is brought against both a municipal entity and an officer in his official capacity, "the official capacity claim should be dismissed as duplicative or redundant." *Odom*, 772 F. Supp. 2d at 392; *see also Wallikas*, 67 F. Supp. 2d at 84. In the present case, Plaintiff has alleged section 1983 claims against both the City

---

grounds. *See* Dkt. No. 15. The Court acknowledges that Defendants did not move to dismiss based upon a defective notice of claim but raises these grounds for the first time in their reply. As the Court is not dismissing on these grounds, no notice or additional briefing is required from Plaintiff. To the extent that whether a notice of claim was properly served is an issue of subject matter jurisdiction, *see Privat Air, S.A. v. Port Auth.*, No. 05-CV-2213, 2007 WL 2089285, *4 (E.D.N.Y. Jul. 19, 2007) (finding that the failure to comply with the notice of claim requirements against a state agency deprived the court of subject mater jurisdiction); *Kyne v. Carl Beiber Bus Servs.*, 147 F. Supp. 2d 215, 218-19 (S.D.N.Y. 2001), the issue has been resolved here.

of Albany and Defendant Kirwin for (1) use of excessive force in violation of the Fourth, Fifth, and Fourteenth Amendments, (2) false arrest in violation of the Fourth and Fourteenth Amendments, and (3) denial of substantive due process in violation of the Fifth and Fourteenth Amendments. *See id.* To the extent that Plaintiff brings any of these section 1983 claims against Defendant Kirwin in his official capacity, the Court finds that they are duplicative and, therefore, dismissed.

### *3. Punitive Damages*

The Court agrees with Defendants that Plaintiff cannot maintain a claim for punitive damages against the City of Albany in a section 1983 action, *see* Dkt. No. 10-1 at 7, because municipalities are immune from punitive damages. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Plaintiff clarifies in her opposition papers that she is not seeking punitive damages against the City of Albany, but she seeks punitive damages against Defendants Kirwin, and John Doe 1 and 2. *See* Dkt. No. 12-3 at 8. To the extent that Plaintiff's complaint states claims for punitive damages against the City of Albany, those claims are dismissed.

### *4. Due Process*

Defendants contend that Plaintiff's causes of action under the Fifth Amendment must be dismissed because the "Fifth Amendment applies exclusively to the federal government and regulates due process violations of federal actors only." Dkt. No. 10-1 at 7-8. The Court agrees with Defendants. "The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Defendants are not alleged to be federal actors, and, accordingly, Plaintiff's claims for Fifth

Amendment due process violations are dismissed. *See Jendrzejczak v. Williams*, No. 6:13-CV-1239, 2014 WL 2533041, *12 (N.D.N.Y. June 5, 2014) (accepting and adopting Magistrate Judge Dancks' Report-Recommendation). Plaintiff stipulates to the dismissal of her Fifth Amendment due process claims. *See* Dkt. No. 12-3 at 8-9.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Defendants' motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure is **GRANTED** with regard to (1) Plaintiff's section 1983 claims against Defendant Kirwin in his official capacity (2) Plaintiff's section 1983 claims for punitive damages against the City of Albany, and (3) Plaintiff's claims for violations of due process rights under the Fifth Amendment; and the Court further

**ORDERS** that Defendants' motion to dismiss pursuant to rule 12(b)(6) of the Federal Rule of Civil Procedure is **DENIED without prejudice** with regard to Plaintiff's state law claims for assault, battery, intentional infliction of emotional distress, and false arrest; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 22, 2015
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge